JOHN W. HARTFORD *vs.* FRANK F. BRADY.

When cattle properly driven upon the highway escape upon unfenced adjoining land, their owner is not liable therefor, if he makes reasonable effort to remove them and to prevent damage.

TORT for damage done by the defendant's cattle.

The first count in the declaration, which was the count on which the plaintiff relied, was as follows : "And the plaintiff says that November 21, 1871, he was, and ever since has been, law fully seised and possessed of a certain tract of land in Watertown, [describing it.]   And the plaintiff says, that the defendant, November 21, 1871, at said Watertown, had in his possession a certain number of cattle, to wit, fifty ; and that said Brady had the care, government and direction of said drove of cattle, which were being driven from said Watertown to the town of Brighton, in said county of Middlesex, on the public highway, near the aforesaid close of the plaintiff ; that said Brady not minding nor regarding his duty in this behalf, then and there by his said servants so carelessly, negligently and unskilfully managed and behaved himself in this behalf, and so ignorantly, carelessly and negligently drove, managed, guided and governed said drove of cattle, that said drove of cattle, for want of good and sufficient care and management thereof, as aforesaid, then and there broke and entered the close aforesaid, and ate up, trampled down and destroyed a large number of cabbages, to wit, four thousand, then and there being and growing on said close, the property of the

plaintiff." The answer denied " each and every allegation in the plaintiff's writ and allegation contained."

At the trial in the Superior Court, before *Dewey*, J., it appeared that the defendant, the owner of certain cattle, hired one Hoyt, for an agreed price, to drive them from Watertown to Brighton, by the highway ; that Hoyt was to employ and pay for whatever assistance he needed ; that Hoyt had also made an agreement with one Brownell to drive certain other cattle for Brownell to the same place ; that Hoyt hired two boys and a man to assist him ; that Hoyt put the two droves together, and was assisted by the man and the boys ; that after going a part of the distance, the cattle broke away from Hoyt and his assistants and ran from the highway, some into the field of one Hooper, and some into the land of one Halleran ; that Hooper and Halleran, without being requested to do so by Hoyt or his assistants, drove the cattle from their respective premises ; that notwithstanding the efforts of Hoyt and his assistants, some of the cattle thus driven by Hooper and Halleran passed from the land of Halleran into and over the land of the plaintiff, and injured the cabbages thereon ; that Hoyt and his man were experienced drivers of cattle ; that the defendant was not with the cattle after Hoyt started with them ; that after getting the cattle back into the highway, Hoyt and Locke drove them to Brighton. It did not appear that the cattle broke or passed through any fence.

The judge instructed the jury as follows : " If the defendant employed one Hoyt for an agreed price to drive a number of his cattle from Watertown to Brighton, and while being driven by Hoyt, and those he employed to assist him, they escaped from the control of Hoyt, and broke and entered the plaintiff's close, and trampled down and destroyed his crops, the defendant is liable therefor. If other cattle than the defendant's broke and entered with his cattle the plaintiff's close, the defendant is liable only for such damages as the jury are satisfied were done by the cattle of the defendant."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. W. Hammond,* for the defendant.

*I. T. Drew & C. H. Chellis,* for the plaintiff.

DEVENS, J. Inasmuch as the highways have been set apart, among other things, that cattle may be driven thereon, and as, from the nature of such animals, it is impossible, even with care, to keep them upon the highways, unless the adjoining land is properly fenced, it has been settled that the owner of unfenced lands upon such ways cannot seize as damage feasant, or sustain an action for the injury caused by, cattle that wander thereupon, if reasonable care has been used in driving them along the highway, or if they have so escaped, having been properly managed, if reasonable effort has been made to remove them. *Stackpole* v. *Healy,* 16 Mass. 33, and cases cited. *Lyman* v. *Gipson,* 18 Pick. 422. *Little* v. *Lathrop,* 5 Greenl. 356. *Lord* v. *Wormwood,* 29 Maine, 282. *Avery* v. *Maxwell,* 4 N. H. 36. *Mills* v. *Stark,* 4 N. H. 512. *Dovaston* v. *Payne,* 2 H. Bl. 527. *Goodwyn* v. *Cheveley,* 4 H. & N. 631.

The common law is not altered by Gen. Sts. *c.* 25, § 25, which provides that " when any person is injured in his land by sheep, swine, horses, asses, mules, goats or neat cattle, he may recover his damages in an action of tort against the owner of the beasts, or by distraining." This statute is intended to prescribe the remedies to which a party injured is entitled, one of which, that by distraint, involves much detail; but leaves the question whether the facts as proved in a particular case show an injury of such a character as to form the proper subject of legal proceedings, to be determined by the principles of the law as they were then understood.

In the present case, the count of the declaration on which the plaintiff relied was one charging the defendant with so negligently driving the cattle along the public highway near the plaintiff's close, that by reason thereof they broke and entered such close and did the damage complained of. But the question whether there was any negligence in the manner in which the cattle were driven along the highway was not put to the jury by the learned judge. He ruled that if, while the cattle were being driven by Hoyt and his assistants, they escaped from his control

Hartford *v.* Brady.

and broke and entered the plaintiff's close, and trampled and destroyed his crops there growing, the defendant was liable therefor. This instruction apparently assumes that the cattle entered into the land of the plaintiff directly from the highway. As the case finds that they did not pass through any fence, it is erroneous, because it makes the defendant responsible even if the cattle were in all respects properly managed and attended while travelling on the highway, and if having escaped while so managed and attended into the plaintiff's land, every reasonable effort was made to remove them and prevent damage.

On examining the facts, however, as reported in the bill of exceptions, it will be seen that the cattle left the highway and entered first upon the lands of Hooper and Halleran, who drove them out of their respective premises without the request of Hoyt and his assistants, and that, notwithstanding their efforts, some of the cattle thus driven passed from the lands of Halleran into and over the land of the plaintiff, it not appearing that they passed through any fences, and did damage thereon, which was the injury complained of. Upon this aspect of the evidence the instruction was defective also, and did not call the attention of the jury to the considerations which should have governed the decision of the case as presented by such a state of facts. Unless there was evidence of negligence in driving the cattle, or in permitting them to remain an unreasonable time, by entering and being upon the unfenced lands of Hooper and Halleran, which were bounded upon the highway, the cattle were not there under such circumstances that any action could have been maintained for their casual trespass. The only right which Hooper and Halleran had in reference to them (having no right under such circumstances to distrain them damage feasant) was to drive them back into the road. The case does not present the question whether, the cattle being thus upon the lands of Hooper and Halleran, if they themselves, following their own habits and instincts, had passed from these lands to the land of the plaintiff, that tract being also unfenced, an action could have been maintained for the damage there done. The instruction given would, as applied to the facts, permit the plaintiff to recover, even if the

cattle were, in the effort to get them off their own lands, wrong-
fully and negligently driven by Hooper and Halleran upon the
land of the plaintiff. It presents the question, therefore, whether,
if by the wrongful act of a stranger the cattle of A. are driven
upon the land of B., the owner of them is liable to B. in an action
of tort. It is undoubtedly contemplated by the law that the
owner shall be liable for all the damage done by domestic animals,
resulting from their habits or from any neglect by those to whom
he may entrust them ; but where injury proceeds from neither of
these causes, but from the wrongful act of a third person, such
person alone should be liable.

In this discussion we have treated the defendant as responsible
for the conduct of Hoyt, and as the case is to go back for a new
trial, it is proper to add that this is in our opinion correct. The
word " owner," as used in Gen. Sts. c. 25, § 25, is intended to
include the person in whom is the general property in the ani-
mals, while it embraces also those who are in possession of them
under a special title or by virtue of any lien, and such general
owner must be held responsible even if, at the time of any injury
alleged to have been committed by them, they were in the pos-
session of a bailee for the purpose of being driven from one place
to another. *Sheridan* v. *Bean*, 8 Met. 284.

*Exceptions sustained.*