## L. H. LAFLIN v. F. B. SVOBODA.

FILED JUNE 29, 1893.    No. 4863.

1. **Animals**: DAMAGE UPON CULTIVATED LANDS: LIABILITY OF AGISTER.    Under the herd law, Compiled Statutes, chapter 2, article 3, a person having the custody of cattle for the purpose of depasturing the same, although without compensation from the general owner, is liable for damage done by them upon the cultivated lands of another.

2. ———: ———: ———: REMEDIES.    In such case the person injured is not confined to the lien provided by statute, but may maintain an action for damages.

ERROR from the district court of Johnson county. Tried below before APPELGET, J.

*Daniel F. Osgood,* for plaintiff in error.

*Chamberlain Bros. & Rood, contra.*

IRVINE, C.

The defendant in error brought this action against the plaintiff in error to recover damages for injury to crops growing on land of the defendant in error, committed by cattle alleged in the petition to be those of plaintiff in error, and cattle of which he had the possession.    There was a verdict and judgment in favor of the defendant in error, the plaintiff below.    The errors assigned relate to the giving of certain instructions by the court and to the refusal

of instructions asked by the plaintiff in error. The instructions given by the court were based upon the theory that the plaintiff in error was liable for injuries committed not only by his own cattle, but by cattle of others in his custody. The question presented is the construction of the herd law, chapter 2, article 3, Compiled Statutes. By section 1 of this article it is provided, " That the owners of cattle, horses, mules, swine, and sheep in this state shall hereafter be liable for all damage done by such stock upon the cultivated lands in this state as herein provided by this act."

It appears from the evidence that a portion, if not all, of the cattle which committed the trespass complained of were not owned by the plaintiff in error, but were permitted to be pastured upon his land without compensation to him. Under this state of facts the plaintiff in error contends that the rule of liability as between bailor and bailee applies; and that the bailment of the cattle to the plaintiff in error being gratuitous, he would not in any event be liable except for gross negligence on his own part. In urging this point the plaintiff in error confuses the relations existing between bailor and bailee with those existing between the bailee and third persons, and the doctrine referred to has no application to this case. It is also urged that the defendant in error, by surrendering possession of the cattle, and so waiving the lien created by section 2 of the herd law, lost his remedy. This is not true, because by section 11 of the herd law it is provided that nothing in that law contained shall be so construed as to prevent the person injured from maintaining an action for damages. (*Keith v. Tilford*, 12 Neb., 271.)

The most serious question in the case is, whether the word "owner" in the statute is to be construed by restricting the term to the general owner, or by extending it to persons in possession under some special title and having the custody of the stock. It was held in *Delaney v. Errickson*, 10 Neb.,

492, that as to trespasses by cattle upon open uncultivated lands the common law of England is not applicable to Nebraska. But in *Keith v. Tilford, supra*, this case was explained, and restricted to uncultivated lands, and it was said that where growing or standing cultivated crops are injured the owner has his remedy, and that the first section of the herd law conferred no right upon the people of the state which they did not possess before its enactment. That section must therefore be deemed declaratory of the common law in regard to trespasses upon cultivated lands. Indeed, the common law is stated almost in the words of the herd law, except that it was not restricted to cultivated lands, and at common law the same double remedy existed, to-wit, by distress or by action. (3 Bl., Com., 211.) Under the common law it was frequently held that an agister or depasturer is liable for trespasses committed by cattle in his possession, and in such case many authorities hold that the owner is not liable, especially in trespass. (*Rossell v. Cottom*, 31 Pa. St., 525; *Tewksbury v. Bucklin*, 7 N. H., 518; *Kennett v. Durgin*, 59 Id., 560; *Marsh v. Jones*, 21 Vt., 378; *Ward v. Brown*, 64 Ill., 307.) In *Weymouth v. Gile*, 72 Me., 446, it was contended, as here, that there was no contract of agistment, but that the owners took the cattle from defendant's close at night, and returned them in the morning. Nevertheless it was held that the depasturer was liable. In *Smith v. Jaques*, 6 Conn., 530, in *Barnum v. Vandusen*, 16 Id., 200, and in *Sheridan v. Bean*, 8 Met. [Mass.], 284, statutes very similar to ours were construed, and the word "owner" held to include depasturers having the custody of cattle. The instructions given by the court were correct, and those asked by the plaintiff in error were properly refused. Judgment

AFFIRMED.

THE other commissioners concur.