Reed, J.,
delivered the opinion of the court.
Appellee brought suit against appellant and his wife Matilda, alleging that the defendants kept and owned, upon-premises jointly occupied by them, a large, black, vicious dog, of whose ferocity they had full knowledge; that plaintiff called at the house of her sister, residing next door to appellant, and on such premises was attacked by the dog, severely lacerated, bitten and injured, by reason of which she was disabled and made sick, and had to incur an expense of $150 in medical attendance and nursing; claiming damages of $5,000.
The defendants answered generally denjdng each and every allegation. Upon the issues so made the case was tried to a jury, resulting in a verdict and judgment against defendants for $750, and costs.
The facts as stated in the complaint appear to be conceded.
The errors assigned (13 in number), are upon the instructions given by the court and those asked by defendants and refused.
The responsibility of parties, by the keeping of an animal of that character knowingly, for injuries inflicted is so well established that the citation of authorities is unnecessary.
The contention of appellants’ counsel is that the dog was the individual property of the wife, not of the husband, nor of both jointly; and being the individual property of the wife, under the laws of this state, the husband could not be held liable. It appears by the answers that both husband and wife denied the ownership. No bill of exceptions is brought up, it is not shown whether the issues as to the ownership were tried, nor what facts were disclosed by the evidence. There appears to be a discrepancy between the statement of the verdict in the abstract and as it appears in the record. *94 In the former it is said that the judgment was rendered against the defendant Samuel. As recorded it is against both.
The instruction given by the court, and relied upon by counsel as erroneous, is as follows:
“ The court further instructs you, that if you believe by such preponderance of the testimony, that the dog in question was kept at the house of the defendant, it appearing from the testimony that they are husband and wife, that the dog was kept partly for the use of the children, and that they exercised apparent ownei'ship and control of the dog, then they are in law liable for injuries which he may have occasioned, providing you further find, by a preponderance of the testimony, that the dog was a cross and vicious dog, and that they knew of the same.”
The correctness and pertinency of an instruction of this character can only be tested by reference to the case-made by the evidence, consequently we have no means of examination. It is assumed in argument and contended that the dog was the property of the wife, and an able and' ingenious argument is made in regard to the marital relation at common law and under our statutes; the liability of the wife for injuries inflicted by animals owned by her individually and the non-responsibility of the husband. We are not prepared to say the contention is not correct nor are we required to say it is incorrect as a legal proposition. The question of ownership, whether individual in either, or jointly in both, or in neither, whether the animal was a waif, or borrowed, if important at all, was a question of fact to be determined by the jury, and it appears to have found the parties jointly responsible. We have no means of reviewing the correctness of this conclusion and must assume that it was warranted by the evidence.
The instruction objected to is but one paragraph of the charge; that and the succeeding, taken together, may have been eminently proper on the ease made. The jury was told that if the parties were husband and wife, residing together, and the dog was kept at their house, thejq exercising *95 apparent ownership and control and knowing his vicious character, were liable for the injuries inflicted. In the next paragraph it was told that the principal questions for it to determine were whether the dog was of a vicious nature and the defendants knew the fact, — then they were liable.
Taken as a whole we see no error; their liability was not alone dependent upon the ownership of the brute; the facts might render them, or one of them liable, regardless of ownership. Keeping him upon the premises and exercising rights of ownership, knowing his ferocity, was sufficient to fix the. liability. The word owner will include the person in possession and control of any article of personalty, “ as the one who hires a carriage.” Camp v. Rogers, 44 Conn. 298.
In the absence of all other data upon which the verdict may have been predicated, the judgment should be affirmed.

Affirmed.