COMMONWEALTH *vs.* AUGUST E. SKATT.

Worcester.    October 1, 1894. — October 18, 1894.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Fishing in Artificial Pond without Permission of Proprietors — Statute.*

The provisions of Pub. Sts. c. 91, § 27, which impose a penalty for fishing in that portion of a pond, etc. in which fishes are lawfully cultivated or maintained, contemplate in terms that the fish may be cultivated in a portion only of the pond, and the fact that there are other riparian proprietors into whose waters the fish may swim does not prevent the conviction of a person for fishing in such portion of the pond without the permission of the proprietors.

COMPLAINT, on Pub. Sts, c. 91, § 27, to the First District Court of Northern Worcester, for illegally fishing in a pond created by artificial flowage, and in which fishes were lawfully cultivated and maintained, the defendant not having permission from the proprietors so to fish.

At the trial in the Superior Court, before *Maynard,* J., it was agreed that there was in the towns of Gardner and Westminster an artificial pond containing about two hundred acres; that Lewis A. Wright and Maria L. Wright owned in fee all the land covered by the water of the pond at high-water mark except about thirty acres; that in January, 1892, they posted in and about the pond, on land owned by them, notices to the effect that the pond was private, and that all fishing therein was

positively forbidden; that in September, 1893, before the date of the defendant's fishing, they put into the water of the pond eleven hundred pouts obtained elsewhere; that the defendant on the day laid in the complaint, without the consent of either of the Wrights, fished in the water of the pond which covered land owned in fee by them; that there was nothing to prevent fishes put into that part of the pond by the Wrights from swimming into that part of the pond owned by other parties, or from going into another pond owned by one Greenwood, or from coming from that pond into the Wright pond; that the Wrights did not have any lease of the right of fishing from the other owners of the pond, nor any agreement with them by which the Wrights were to have the exclusive right of fishing therein; and that the defendant owned no part of the pond or of the land under the same.

Upon the foregoing agreed evidence the defendant asked the judge to direct a verdict in his favor. The judge declined so to do, and ruled that it was competent for the jury to convict.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*T. B. Dunn*, for the defendant.

*F. A. Gaskill*, District Attorney, for the Commonwealth.

HOLMES, J. Artificial ponds are within the words and the reason of Pub. Sts. c. 91, § 27.* The defendant, without their permission, fished in a part of such a pond which covered land belonging to the Wrights, and was a trespasser in so doing. The words "without the permission of the proprietors," in the section referred to, mean without the permission of the proprietors of that part of the pond where the fishing takes place, including, no doubt, under the word "proprietors" lessees as well as owners. The only other words of the statute constituting the offence are that the fishing must be "in that portion of a pond . . . in which fishes are lawfully cultivated or maintained." The statute contemplates in terms that the fish

---

* This section is as follows: "Whoever without the permission of the proprietors fishes in that portion of a pond, stream, or other water in which fishes are lawfully cultivated or maintained, shall forfeit not less than one dollar nor more than twenty dollars for the first offence, and not less than five nor more than fifty dollars for any subsequent offence."

may be cultivated in a portion only of the pond.    The fact that there were other riparian proprietors into whose waters the fish might swim does not prevent the operation of the section. *Commonwealth* v. *Vincent*, 108 Mass. 441.    In *Commonwealth* v. *Perley*, 130 Mass. 469, although the exceptions show that it was " proved that the defendant fished in the pond without the consent of any of the proprietors or lessees," it did not appear that he was a trespasser on the property of those who propagated the fish, or, in the words of the statute, " in that portion of a pond . . . in which fishes are lawfully cultivated or maintained," and it was assumed that he was fishing in waters unprotected by statute (p. 471).    If he was fishing over the land of one who was a stranger to those who stocked the pond, he was not fishing in a place where fishes were cultivated or maintained. In the present case the Wrights had stocked the pond.    The statute is directed against a trespass, and all the elements of the trespass are here.                          *Exceptions overruled.*