## GEORGE GOFF v. BYERS BROS. & CO.

FILED OCTOBER 7, 1903. No. 13,107.

1. **Chattel Mortgages: VALIDITY.** Where mortgaged stock are described as being upon a certain farm owned by the mortgagor in the county of his residence, the mortgage is not void for uncertainty, if the description of the animals is not applicable to any others kept on such farm.

2. **Promissory Note: EVIDENCE.** A promissory note in the hands of the payee is, even after maturity, evidence of the existence of a debt.

3. **Herd Law: AWARD: NOTICE.** A mortgagee of cattle can not, in a proceeding under the herd law, be bound by an award made without giving him a hearing or an opportunity to be heard.

4. ——: **NOTICE.** Notice to the owner of cattle in such a proceeding is not notice to the mortgagee.

5. ——: **OWNER: MORTGAGEE.** The remedy by distress under article 3, chapter 2, Compiled Statutes, is given to enforce in a summary manner a claim for damages against the owner of cattle who is charged with the duty of keeping them off the cultivated lands of others. A mortgagee, without possession, is not an owner within the meaning of the statute.

ERROR to the district court for Pierce county: JAMES F. BOYD, JUDGE. *Affirmed.*

*William W. Quivey,* for plaintiff in error.

*Clarence B. Willey, contra.*

4                              (1)

SULLIVAN, C. J.

This was an action brought by Byers Bros. & Co., a partnership, against George Goff to recover possession of four cows, two heifers and four steers. These cattle were seized damage feasant and were held by the defendant, a constable, under an execution issued by a justice of the peace for the enforcement of an award made in accordance with the provisions of the herd law. The plaintiff's claim is based upon a chattel mortgage executed to it by McBride, the owner of the cattle, to secure an indebtedness which had matured before the seizure, and is still unpaid.

The jury in the district court found in obedience to a peremptory instruction that the right of possession was in the plaintiff, and judgment followed the verdict.

Several questions raised by the assignments of error are entirely free from difficulty and will be noticed only to give assurance that they have not been overlooked. On the question of whether the chattel mortgage created a lien the evidence is, we think, capable of but one construction. McBride, who testified for plaintiff, and seemed rather eager to serve it, was apparently uncertain whether he ought to claim or disclaim ownership, but, notwithstanding his shifts, shuffles and evasions, it is evident that he was the sole and absolute owner of the property when it was mortgaged. The facts are conclusively proved, and it was only with respect to their legal effect that the witness wavered.

The claim that the mortgage is void for uncertainty of description rests upon no reasonable foundation. The animals are described with great definiteness and particularity; and there is nothing in the record to indicate that the descriptions given are applicable to any other cattle owned by McBride and kept upon his farm in Pierce county.

It is said that the evidence does not show that the original indebtedness due from McBride to plaintiff had not been paid when the note, which the mortgage was given to

secure, was executed.  As men rarely give notes and mort-
gages to evidence and secure extinguished obligations, it
may, we suppose, be presumed that the new note was given
as a renewal of the old.

The question next to be considered is, whether plaintiff
is concluded by the proceedings had under the provisions
of the herd law.  The first and second sections of the act
are as follows:

"Sec. 1.  That the owners of cattle, horses, mules, swine,
and sheep in this state, shall hereafter be liable for all
damage done by such stock upon the cultivated lands in
this state as herein provided by this act.

"Sec. 2.  That all damage to property so committed by
such stock running at large, shall be paid by the owners of
said stock; and the person whose property is damaged
thereby, may have a lien upon said trespassing animals, for
the full amount of damages and costs, and may enforce
the collection of the same by the proper civil action."

Other sections provide that any person may take up stock
found trespassing upon his cultivated lands and may, after
notifying the owner, have the damages fixed by arbitration
and the cattle sold for satisfaction of the award.  In this
case the mortgagee was not given notice of the distraint
and, consequently, could not be bound by the proceedings
which resulted in the award and the execution for its en-
forcement.  No person can be deprived of his property with-
out due process of law.  Every one, before being deprived of
any valuable right by the exercise of judicial or other
governmental power, must be given a hearing or, at least,
an opportunity to be heard.  Any proceeding in which
these are denied is not due process of law.  *McGavock v.
City of Omaha,* 40 Neb. 64, 76; *Horton v. State,* 60 Neb.
701.  Obviously notice to the owner of the mortgaged cattle
that they had been seized and were being held under the
provisions of the herd law was not notice to the mortgagee.
It was given no opportunity to controvert by proof the
claim of the distrainor and, therefore, on principles of nat-
ural justice, it could not be bound by the award.  But there

is another reason why the court was right in directing a verdict in favor of the plaintiff. The remedy by distress is given to enforce in a summary manner a claim for damages against the owner of cattle who is charged with the duty of keeping them off the cultivated lands of others. 2 Am. & Eng. Ency. Law (2d ed.), 358. No such duty rests upon a mortgagee. Having no control over the cattle he is guilty of no actionable wrong when the owner or person having them in charge suffers them to trespass. An agister is an owner within the meaning of the statute (*Laflin v. Svoboda,* 37 Neb. 368), but this is because, when a trespass is commit..d, the fault is his. The statutory lien is given to the person injured to enable him to obtain satisfaction from the person through whose fault or omission of duty the injury was occasioned. A mortgagee without possession could not, of course, be sued in a case of this kind; and it would be an anomaly in the law, if his property could be taken for the satisfaction of a claim upon which he was not personally liable. Under the statute of Alabama giving a lien for damages upon trespassing stock, it was held that the statutory lien was subordinate to the lien of a prior mortgage executed by the owner. The court in *Lehman, Durr & Co. v. Farrell,* 71 Ala. 458, say:

"We think the lien the statute gives on the stock doing the damage, can only be commensurate with the ownership of the person by whose voluntary permission the stock runs at large. Ballard was the person sued. * * * The lien can only extend to such title and interest as he was the owner of."

This view is, in our opinion, entirely sound. When this action was commenced, plaintiff was, by the terms of his mortgage, entitled to the possession of the cattle and its right of immediate possession was not impaired by the proceedings against McBride. The judgment is

AFFIRMED.