# Bryant *v.* Alabama Great Southern Railroad Co.

## *Damages for Death of Employe.*

(Decided April 16, 1908. 46 South. 484.)

1. *Pleading; Demurrer; Office.*—The office of a demurrer is to point out specifically the defects in a pleading to which it is addressed, so as to inform the other party of such defect, and give him an opportunity of curing the same.

2. *Master and Servant; Liability for Injury to Servant; Complaint; Negligence.*—A complaint alleging that intestate's death was caused by the willful, wanton or intentionally using an engine for switching with a pilot in front and without a footboard, with the knowledge that intestate would probably be injured thereby, and with reckless disregard of the consequences, was not subject to demurrer in that it failed to state facts showing negligence resulting in plaintiff's injury, or in that the use of the locomotive for switching purposes with a pilot in front and without a footboard was not negligence.

3. *Same; Assumption of Risk; Plea; Sufficiency.*—As an answer to a count framed under subdivision 1, section 1749, Code 1896, counting for a recovery on a failure to provide a switch engine with a footboard on the engine, or other safe means for protecting switchmen, a plea alleging that the defect complained of and the danger arising therefrom were at and prior to the injury obvious to intestate, and could have been seen or known by a man of ordinary care, in intestate's position, and that the latter, under the circumstances, assumed the risk of injury therefrom, sufficiently states that the defects and danger were obvious and existed prior to and up to the injury and that knowing this plaintiff remained in defendant's employment, so as to assume the risk, and was not subject to demurrer, that it did not state facts showing an assumption of risk, and that it was not an assumption of risk.

4. *Same; Contributory Negligence; Sufficiency of Plea.*—As an answer to a count charging negligence after discovery of peril, a plea alleging that intestate's injuries were caused by his own negligence in going upon the pilot of the moving engine when it was not his duty to do so, whereby he lost his hold and fell under the engine causing the injuries, was insufficient for failing to show that intestate's negligence was subsequent to the negligence charged, after discovery of his peril.

5. *Same; Complaint; Sufficiency.*—A count alleging that it was the duty of the fireman on defendant's engine to maintain a diligent lookout and inform the engineer of intestate's movements while engaged in the performance of his duties, and which such fireman negligently failed to do, was subject to demurrer that it appeared on the face of the complaint that plaintiff was the fireman's fellow ser-

vant; that the fireman was not a person occupying such relation to defendant as to render it responsible for his negligence, and that no causal connection was shown between the negligence and the injury.

APPEAL from Etowah Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by J. T. Bryant against the Alabama Great Southern Railroad Company to recover damages for the death of plaintiff's intestate while in defendant's employment. From a judgment for defendant, sustaining demurrers to certain counts of the complaint, plaintiff appeals. Reversed and remanded.

Action for damages for death of intestate, an employe of the Alabama Great Southern Railroad. Count 1 claims of the defendant $30,000 damages for killing plaintiff's intestate while in the employment of defendant and while engaged in the active performance of the duties of said employment. The death is alleged to have been caused proximately by reason of a defect in the ways, works, machinery, or plant connected with or used in the business of the master. It is alleged that deceased was a switchman, and that the duties required of him by defendant required that he ride on the front of the switch engine, and that the defect consisted in a failure to provide the engine with a footboard or other safe means for switchmen to ride. Count 10 adopts all of count 1 down to the allegations of the proximate cause of the death, with the additional averment that his intestate's death was proximately caused by the wanton, willful, or intentional conduct of the defendant, which consisted in the fact that defendant wantonly, willfully, or intentionally used a locomotive for switching purposes with a pilot in front and without a footboard, with the knowledge that plaintiff's intestate would probably be injured thereby, and with reckless disregard of the consequences. Count 13 alleges the

24 C

negligence to be that of Burton Worthy, a person in the service or employment of the defendant, who had the charge or control of a locomotive upon the track of a railway, which negligence consisted in this: It became and was the duty of said Burton Worthy, the fireman of the locomotive, to maintain a vigilant lookout on his side of the locomotive, and to keep the engineer of said locomotive informed of the movements and conditions of plaintiff's intestate while said intestate was engaged in the performance of the duty of his employment, and this the said Worthy negligently failed to do. Count 14 is the same as 13, except that it charges the willful, wanton, or intentional misconduct of Worthy in failing to perform the duties therein set out, with the knowledge that plaintiff's intestate would probably be injured thereby, and with reckless disregard of the consequences. Count 15 alleges the same duties on the part of Burton Worthy, and declares that said Worthy, after becoming aware of the peril of plaintiff's intestate, negligence failed to give information thereof to the engineer of said locomotive. Count 16 is the same as 15, except that it declares on the willful, wanton, or intentional misconduct of Burton Worthy after the discovery of plaintiff's intestate's peril, with the knowledge that plaintiff's intestate would probably be injured thereby, and with reckless disregard of the consequences.

The following demurrers were addressed to count 10: "The facts stated in said count fail to show any negligence on part of the defendant resulting in injury to plaintiff. (2) The using of locomotive for switching purposes with a pilot in front and without a footboard, as stated in said count, does not constitute negligence." The following demurrers were filed to the thirteenth count of the complaint: "Said thirteenth count shows on its face that Burton Worthy was a fellow servant

of plaintiff's intestate. (2) The count shows that Worthy was a fireman, and that there was an engineer in charge or control of the engine. (3) It appears from said count that Burton Worthy was not a person occupying such a relation to the defendant, either, at common law or under the statute, as to render defendant responsible to plaintiff's intestate for his negligence. (4) The count fails to show any causal connection between the negligence complained of and the injury." To the fourteenth count the same demurrers were assigned as to the thirteenth, and the following additional: "(1) All the facts stated in the fourteenth count fail to make a case of willful, wanton, or intentional negligence. (2) Willful, wanton, or intentional misconduct is not the equivalent of willful, wanton, or intentional negligence." The same grounds of demurrer assigned to the fourteenth and thirteenth counts were assigned to counts 15 and 16.

Defendant's plea 9 was as follows: "And for further plea on this behalf to count 1 defendant says that the defect complained of and the danger arising therefrom were at and prior to the happening of the injuries complained of obvious, such as could be seen and known by a man of ordinary care and prudence occupying the position of plaintiff's intestate, and that plaintiff's intestate, after such obvious risks and danger had existed for some time, continued in the service of defendant for an unreasonable length of time and thereby assumed the risk." Plea 20.: "And for further plea on this behalf to counts 1, 2, 3, 4, 5, and 6, defendant says that the injuries complained of were the proximate result of the contributory negligence of plaintiff's intestate, in this: That plaintiff's intestate attempted to go upon the pilot of the moving locomotive when it was not his duty so to do, and in attempting so to do lost his hold

and fell to the ground in front of said moving locomotive, and thereby caused the injuries complained of."
Plea 21: "And for further answer to counts 1, 2, 3, 4, 5, and 6, defendant says that the injuries complained of were the proximate result of the contributory negligence of plaintiff's intestate, in this: Said intestate went upon the pilot of a moving locomotive when it was not his duty to do so, and lost his hold and fell therefrom to the ground in front of said locomotive, and thereby proximately caused the injuries complained of."

The negligence alleged in count 6, was that of William Love, a person in the service or employment of defendant, who had the charge or control of the locomotive upon the track of a railway, and consisted in this: That after becoming aware of plaintiff's intestate's peril of position upon the pilot of the engine he negligently failed to exercise reasonable care and prudence to avoid injuring him.

The following grounds of demurrer were assigned to plea 9: "Because the facts set forth in said plea are not sufficient in law to constitute an assumption of risk. (2) The mere remaining in the service or employment of defendant and the acquisition of knowledge of defects in said plea do not constitute in law an assumption of risk on the part of the deceased."

Denson & Denson, for appellant. The appellate court is not authorized to consider any other grounds of demurrer than those distinctly specified.—Sec. 3303, Code 1896; *Culver v. Ala. Mid. Ry. Co.,* 108 Ala. 333. Bearing this in mind it is evident that count 10 was not subject to the demurrers interposed.—*Postal Tel. Co. v. Jones,* 133 Ala. 225; *A. G. S. v. Davis,* 119 Ala. 575; *M. J. & K. C. R. R. Co. v. Bromberg,* 141 Ala. 280; *L. & N. R. R. Co. v. Dobson,* 43 South. 138; 137 Ala. 241; 129

[Bryant v. Alabama Great Southern Railroad Co.]

Ala. 346; 134 Ala. 301; 141 Ala. 160; 144 Ala. 226. The count was a good count in wanton injury.—*H. A. & B. R. R. Co. v. Robbins,* 125 Ala. 489; *Haley v. K. C. M. & B. R. R. Co.* 113 Ala. 651; *Southern Ry. Co. v. Prather,* 119 Ala. 594; *Levin v. M. & C. R. R. Co.* 109 Ala. 234; *A. G. S. v. Burgess,* 119 Ala. 563; *Bir. R. & E. Co. v. Baker,* 132 Ala. 518; *Bir. R. & E. Co. v. Bowers,* 110 Ala. 331; *L. & N. R. R. Co. v. Anchors,* 114 Ala. 500; *A. G. S. R. R. Co. v. Hall,* 105 Ala. 606; *R. & D. R. R. Co. v. Greenwood,* 99 Ala. 513; Dressers Employers Liability, sec. 126. Defendant's plea was subject to the demurrers interposed.—*Osborn v. Ala. S. & W. Co.,* 135 Ala. 575; *Bir. R. & E. Co. v. Allen* 99 Ala. 369. The court should have sustained demurrers to defendant's pleas 20 and 21.—*Osborn v. Ala. S. & W. Co., supra. Creola Lbr. Co. v. Mills,* 42 South. 1022; *A. G. S. V. Burgess,* 116 Ala. 516; *Johnson v. B. R. L. & P. Co.,* 43 South. 34. The court erred in sustaining demurrers to the 13, 14, 15, and 16th counts of the complaint.— *Brown v. L. & N.,* 111 Ala. 289; *A. G. S. v. Davis, supra; M. J. & K. C. R. R. Co. v. Bromberg, supra; L. & N. v. Dobson, supra.*

GOODHUE & BLACKWOOD, for appellee. The suit was brought by Bryant as administrator. The appeal as shown in the notice and bond was by Bryant individually. The appeal should, therefore, be dismissed.—*Johnson-Nesbitt & Co. v. 1st Nat. Bank,* 145 Ala. 378. Counsel discuss other assignments of error but without citation of authority.

DOWDELL, J.—Count 10 of the complaint, to which a demurrer was sustained, was an attempt to charge wanton injury, and is not a count in simple negligence. It may be that this count is defective in its averments

and open to the demurrer, but not on the grounds of demurrer assigned. The office of a demurrer is to specifically point out the defects in the pleading to which it is directed, to afford the opposite party the opportunity of curing such defect by amendment. The trial court erred in sustaining the demurrer upon the grounds stated.

Plea 9 of the defendant was not subject to the demurrer interposed by the plaintiff. Count 1 of the complaint, to which this plea was addressed as an answer, charges simple negligence, and is based on subdivision 1 of section 1749 of the Code of 1896, known as the "employer's liability statute." The alleged defect under the averments of the count confessedly existed at the time of the injury. The plea avers that the alleged defect and the danger arising therefrom were at and prior to the happening of the injuries complained of obvious, such as could be seen and known by a man of ordinary care and prudence occupying the position of plaintiff's intestate, and that plaintiff's intestate, after such obvious risk and danger had existed, continued in the service of defendant for an unreasonable length of time, and thereby assumed the risk. A fair and reasonable construction of this plea is that the alleged defect and danger arising therefrom were obvious and existed prior to, and continued to exist up to, the time of the happening of the injury, and that plaintiff's intestate, notwithstanding these facts, continued in the service of the defendant an unreasonable length of time, and in so doing assumed the risk. The plea was not subject to the grounds of demurrer stated, and we think the criticism of the plea in the argument and briefs of counsel is hypercritical. The case of *Osborne, Adm'r, v. Ala. Steel & Wire Co.*, 135 Ala. 575, 576, 33 South. 687, cited by counsel for appellant, is an authority against, rather than in support of, appellant's contention.

Pleas 20 and 21 were addressed to the sixth count, as well as to other counts, of the complaint, and as an an-·swer to the sixth count were insufficient. They do not :show that the alleged contributory negligence was sub-·sequent to the negligence charged in the complaint after the discovery of intestate's peril. These pleas might be otherwise improved in averment as to the facts stated constituting the contributory negligence.

Counts 13, 14, 15, and 16 were subject to the demur-rers interposed, and the court properly sustained the same.

For the errors indicated, the judgment will be re-versed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.