# Lowery v. Illinois Central R. R. Co.

### Assumpsit.

(Decided October 21, 1915. Rehearing denied November 18, 1915.
69 South. 954.)

1. **Attorney and Client; Lien; Right to Enforce.**—Where plaintiff sued a railroad for personal injuries, and recovered a judgment, which was reversed, and pending another trial, settled his claim and released the railroad without the consent of his attorney, and to defraud him of his fees, plaintiff's attorney had the right, under subd. 2, § 3011, Code 1907, to prosecute the action, and prevent its dismissal, to secure his fees, notwithstanding plaintiff had released defendant railroad.

2. **Champerty and Maintenance; Contracts; Attorneys.**—Where the contract of employment between plaintiff and his attorney is void because champertous or otherwise against public policy, the defendant railroad should have set up the defense as an answer to the attorney of plaintiff in his contention that he was entitled to continue the suit in order to secure his fees, notwithstanding plaintiff's release of defendant railroad, or by answer to the attorney's motion to be allowed to prosecute the suit, and not by demurrer to replications not showing on their face that the contract of employment was void.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

M. J. Lowery sued the Illinois Central Railroad Company for damages for personal injuries, and recovered judgment therefor, which was reversed on appeal to this court. Pending another trial of the cause plaintiff settled with the railroad, and released them from further liability, but without the consent of his attorney. Plaintiff's attorney sought to enforce their lien and moved to strike the pleas of release filed by defendant. From a judgment of nonsuit, plaintiff's attorney appeals. Reversed and remanded.

RAY & COONER, for appellant. DAVIS & FITE, for appellee.

MAYFIELD, J.—This appeal involves the construction and effect to be given to subdivision 2 of section 3011 of the Code, which provides for attorneys' liens upon suits, judgments, etc. This subdivision reads as follows: "Upon suits, judgments, and decrees for money, they shall have a lien superior to all liens

[Lowery v. Illinois Central R. R. Co.]

but tax liens, and no person shall be at liberty to satisfy said suit, judgment, or decree, until the lien or claim of the attorney for his fees is fully satisfied; and attorneys at law shall have the same right and power over said suits, judgments, and decrees, to enforce their liens, as their clients had or may have for the amount due thereon."

Appellant brought suit against appellee to recover damages for personal injuries alleged to have been proximately caused by the negligence of defendant. He obtained a judgment for $750, but this judgment was reversed on appeal to this court. See report of case, 184 Ala. 443, 63 South. 952.

Before the case was called for a second trial, defendant effected with plaintiff a compromise and settlement of the suit for $180, and on payment of that amount obtained from plaintiff a release from all liability on account of the suit. The defendant pleads this release as a defense to the further prosecution of the suit.

The attorney for plaintiff moved to strike the pleas, and demurred thereto. The court ruled against the attorney, both as to his motion to strike and his demurrer. His motion to strike the pleas was based on the ground that he was employed as plaintiff's attorney in the suit; that he had prosecuted it to judgment, but the judgment was reversed on appeal; and that before the next trial the defendant, without movant's knowledge or consent, without paying movant's fees or otherwise discharging the lien given by the statute, and for the purpose of defrauding movant out of the greater part of his fees, and in violation of the statute, settled and compromised the suit for a grossly inadequate amount, to wit, $180, and issued to defendant the release set up and relied upon in the pleas. Movant then filed several replications to the special pleas, and the court sustained a demurrer thereto; whereupon movant took a nonsuit with bill of exceptions, as provided for by section 3017 of the Code, and appeals to this court to review such rulings inducing the nonsuit.

(1) Subdivision 2 of section 3011 of the Code was construed in the case of *Fuller v. Lanett Cotton Mills,* 190 Ala. 208, 65 South. 61. In that case the settlement was made pending the appeal to this court, and it was ruled that plaintiff's attorney had a right to prosecute the appeal notwithstanding the release

by plaintiff and defendant's motion to dismiss the appeal, based upon such release in writing. While nothing was said in the opinion in *Fuller's Case* as to the constitutionality of the statute, it was of necessity held valid, because the right of plaintiff's attorney to prosecute was based solely on the statute.

It therefore follows that the defendant's special pleas, while good against the plaintiff's rights, were no bar to the attorney's right to prosecute the suit as for his attorney's fees and the enforcement of his lien given by the statute. Consequently, the attorney's replications set forth facts which, if true, gave him the right to prosecute the suit; and it was error to sustain the defendant's demurrer thereto. If the facts set forth in the replications were true, as, on demurrer, they must be treated, we are not prepared to say that they were not good answers to the pleas of release, even without our statute. As was said by this court in *Fuller's Case, supra,* the subject is discussed at great length in a note in 39 Am. St. Rep. 170 et seq. It is there said: "While honest settlements between the parties to a litigation, made without any intention of taking advantage of their attorneys, are commendable and to be encouraged, collusive and fraudulent settlements made for the purpose of defrauding the attorneys are, of course, reprehensible. If such are attempted, the court may interfere to protect the attorney. Its power to do so is inherent, and is founded on its right to protect its own officers against collusion and fraud practiced by the parties to the cause. The authority of courts in this respect has been exercised both under the common law, and under the statutes designed to secure attorneys in the collection of their compensation for services rendered in a cause. The proper course for the attorney is to proceed with the suit, notwithstanding the fraudulent settlement, for the purpose of enforcing his claims. See the monographic note to *Hanna v. Island Coal Co.,* 5 Ind. App. 163, 51 Am. St. Rep. 263, 276; *Bailey v. Murphy,* 136 N. Y. 50, 32 N. E. 627; *In re Regan,* 167 N. Y. 658; *Fischer-Hansen v. Brooklyn Heights R. R. Co.,* 63 App. Div. 356, 71 N. Y. Supp. 513; *Potter v. Ajax Min. Co.,* 19 Utah 421, 57 Pac. 270."

The replications under consideration answer that the release and settlement set up in the pleas was made for the purpose and with the intent to deprive the attorney of his fees, and that

[Afro-American Life Ins. Co. v. Adams.]

the release was therefore fraudulent and void. If this be true, surely, under our statute, the attorney should be allowed to proceed to trial for the purpose of recovering his fees, and enforcing the lien which the statute confers.

(2) If the contract of employment between plaintiff and his attorney was void because champertous, or otherwise against public policy, this should have been set up by special pleas, or by rejoinders to the attorney's replications, or in answer to his motion to be allowed to prosecute the suit. It was not a good ground of demurrer to the replications, which did not, on their face, show that the contract of employment was void.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.