(77 South. 237)

LLOYD v. CENTRAL OF GEORGIA RY. CO. (5 Div. 670.)

(Supreme Court of Alabama. Nov. 15, 1917. Rehearing Denied Dec. 24, 1917.)

1. RAILROADS ☞355(1) — RIGHT TO CROSS TRACK.

The right to cross over railways at places other than crossings is qualified by considerations of convenience or necessity.

2. RAILROADS ☞394(2)—INJURIES TO PERSONS ON TRACK—COMPLAINT—SUFFICIENCY.

The count charging that defendant railway negligently ran its train over plaintiff's intestate at the west end of a railroad bridge in a named city while intestate was attempting to cross over said railroad at said point was not demurrable, although it did not show that intestate was not a trespasser, as negligence could have been established without reference to the question of keeping a lookout for trespassers in view of Code 1907, § 5473, requiring the blowing of the whistle or the ringing of the bell while moving within a city.

3. RAILROADS ☞394(1)—INJURIES TO PERSON ON TRACK—CONTRIBUTORY NEGLIGENCE —PLEADING.

Defendant railroad's plea of contributory negligence was demurrable where it did not show that intestate's negligence was subsequent or concurrent with the negligence charged in the complaint.

Appeal from Circuit Court, Lee County; Lum Duke, Judge.

Action by Emma Lloyd, as administratrix of the estate of Arthur Lloyd, against the Central of Georgia Railway Company, for damages for the death of her intestate. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Count A of the complaint charges that defendant negligently ran its train over plaintiff's intestate at the west end of the railroad bridge over the Chattahoochee river in Phœnix City, and avers that at the time of his injury the intestate was attempting to cross over said railroad at said point. Demurrer was interposed on the ground that the facts alleged do not show a cause of action, and also do not show that intestate was not a trespasser. These demurrers were sustained. Count C is the same as count A, except it charges negligence only after defendant's discovery of intestate's peril. In addition to the general issue defendant set up the following plea as an answer to count C:

Plaintiff's intestate proximately contributed to the injury complained of, in this, that he stepped upon defendant's railroad track or in dangerous proximity thereto, and after becoming conscious of his peril from said approaching engine or train, remained upon said track, or in dangerous proximity to said track without any effort to escape from his position of peril, when by the exercise of prudence and diligence he could have escaped.

Demurrers were interposed to this plea on the ground that the facts alleged were not sufficient to show contributory negligence; causal connection is not shown between intestate's negligence and his injury; intestate's negligence is not shown to have been concurrent with or subsequent to defendant's alleged negligence; and it does not appear that intestate was conscious of his peril at the time of his alleged negligence. This demurrer was overruled. The appeal is upon the record proper, notwithstanding it also contained both the special and general instructions given to the jury.

Riddle & Riddle, of Talladega, Dickinson & Dickinson, of Opelika, and McCutchen & Bowden, of Columbus, Ga., for appellant. Barnes & Walker, of Opelika, for appellee.

SOMERVILLE, J. Plaintiff complains of the elimination of count A of the complaint on demurrer; the argument being not only that the demurrer was not well taken, but that the error in sustaining was prejudicial because under count C plaintiff's case was limited to defendant's subsequent negligence, while under count A original or initial negligence might have been shown.

[1] It may well be doubted if the allegation merely that the intestate was attempting to cross defendant's track at the time of his injury is sufficient to show that he was rightfully on or near the track, and therefore was not a trespasser. The right to cross over railroads at places other than crossings cannot be denied, but the right is obviously qualified by considerations of convenience or necessity. See A. G. S, R. R. Co. v. Linn, 103 Ala. 134, 139, 15 South. 508; T. C., I. & R. Co. v. Hansford, 125 Ala. 349, 362, 28 South. 45, 82 Am. St. Rep. 241. But we need not determine that question now, for, whether he was a trespasser or not, negligence being predicated generally upon the operation of the train, and the collision occurring at a point within the corporate limits of a town, negligence might have been established without reference to the question of keeping a lookout for trespassers. Code, § 5473.

[2] We think the count is free from objec-

tlon, and that the trial court erred in sustaining the demurrer thereto.

[3] The plea of contributory negligence does not show that intestate's negligence was subsequent to or concurrent with the negligence charged in the complaint, and the ground of demurrer pointing out that deficiency was well taken and should have been sustained. Bryant v. A. G. S. R. R. Co., 155 Ala. 368, 375, 46 South. 484.

The record contains no bill of exceptions, but the instructions to the jury which are incorporated in the record sufficiently indicate that the error in this regard was probably prejudicial to plaintiff. Rule 45, 61 South. ix; Henderson v. T. C., I. & R. Co., 190 Ala. 126, 67 South. 414.

Let the judgment be reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.