**WOODWARD IRON CO. v. WILLIAMS.**
(6 Div. 646.)

(Supreme Court of Alabama. April 20, 1922. Rehearing Denied June 1, 1922.)

**1. Railroads ⬡394(6)—Count for subsequent negligence held sufficient.**

Where defendant's locomotive struck plaintiff and injured him, a count for subsequent negligence, alleging that defendant's agent in the operation of the locomotive became aware of plaintiff's peril, *held* to sufficiently allege that at the time plaintiff was struck, defendant's agent knew that plaintiff was in peril.

**2. Railroads ⬡394(7) — Plea held not to charge wantonness or subsequent negligence on part of pedestrian.**

A plea, alleging plaintiff's knowledge of the general danger of going on railroad tracks without stopping, looking, or listening, if necessary to adequate information, and failing to allege plaintiff's knowledge of a present impending peril, *held* not to charge wantonness or subsequent negligence on the part of plaintiff in answer to his count for negligence subsequent to the discovery of his peril.

**3. Trial ⬡233(3)—Not error to refuse charge in which jury had to examine pleadings to ascertain issues.**

It was not reversible error to refuse a charge which left the jury to ascertain the issues by an inspection of the pleadings.

**4. Appeal and error ⬡1060(1)—Argument that only opposing counsel was going to ask for written instructions held not reversible error.**

It was not reversible error for counsel in his argument to the jury to state that only the opposing counsel was going to request written instructions, and that these instructions were supposed to harmonize with the oral charge.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action for damages by C. W. Williams against the Woodward Iron Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, page 449. Affirmed.

In argument to the jury plaintiff's attorney made the following statements, which were objected to by defendant:

"Now, they, no doubt, as I see them there, will ask many written instructions, which will be read to you by the Judge after he has finished his oral charge. I am not going to ask any; I don't want any."

"Gentlemen of the jury, you take these written instructions that the court will read to you, and read them if you want to, but the court will read them to you; you can listen at them; you can gauge them. These instructions are not supposed to be different from the oral charge that will be given to you by Judge Gwin. They are supposed to harmonize with his charge, as being a part of the law in the case."

"And no doubt, gentlemen ·of the jury, that they will charge you in those written charges. on the question of Mr. Williams being a trespasser."

Huey & Welch, of Bessemer, for appellant.

It is the duty of a pedestrian, before crossing a railroad track, regardless of where it is, to first stop, look, and listen for approaching trains, and if he is injured as a proximate result of failing to do this he cannot recover. 94 Ala. 581, 10 South. 215; 99 Ala. 397, 13 South. 75; 68 Miss. 198, 8 South. 518; 103 Ala. 134, 15 South. 508; 179 Ala. 299, 60· South. 922; 184 Ala. 655, 64 South. 298; 190·

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. 91, 66 South. 697; 172 Ala. 560, 55 South. 218; 201 Ala. 308, 78 South. 84; 191 Ala. 622, 68 South. 139; 192 Ala. 392, 68 South. 277. The oral and written charges given by the court to the jury are the law of the case, and it was error for the court to overrule defendant's motion to exclude the objectionable portions of plaintiff's argument. 199 Ala. 28, 73 South. 976; 182 Ala. 51, 62 South. 737, Ann. Cas. 1915D, 663; 148 Ala. 527, 41 South. 683; 205 Ala. 529, 88 South. 855; 150 Ala. 445, 43 South. 856; 89 Ala. 23, 8 South. 155; 29 Cyc. 618; 27 Kan. 643; 69 Iowa, 620, 29 N. W. 753.

Goodwyn & Ross and Mathews & Mathews, all of Bessemer, for appellee.

Pleas answering count A, failing to aver knowledge on part of plaintiff of present impending peril, were bad. 153 Ala. 133, 45 South. 51; 203 Ala. 57, 82 South. 17.

SAYRE, J. Plaintiff, appellee, while on or near the track of a steam railroad owned and operated by defendant, was injured by a locomotive engine running against him. His case went to the jury on count A alone, thus eliminating consideration of all rulings as to other counts.

[1] To this count the objection is made in the brief, repeating one ground of demurrer assigned, that "it fails to show that at the time plaintiff was struck defendant's agents knew that plaintiff was in peril." This objection is addressed to matter of substance, not mere form of allegation, and is answered by the language of the count, which is, in effect, that defendant's agent in the operation of the locomotive became "aware" of plaintiff's peril, a substantial equivalent for the term preferred by defendant. This disposes of those assignments of error which proceed upon the theory that count A does not sufficiently charge subsequent negligence, but only simple initial negligence.

Special pleas 4 to 8, inclusive (except perhaps plea 5), and 11 and 12, fall within the category stated above. They sufficiently show a case of contributory negligence as an answer to a charge of simple initial negligence, but allege no sufficient reason why defendant's agents in charge of the locomotive should have neglected to make proper efforts to avoid injuring plaintiff after discovering his danger, nor do they allege that defendant's such agents did in fact perform their duty in the case so hypothesized, nor that plaintiff had knowledge on his part of the present and impending peril arising out of the immediate approach of defendant's locomotive. Southern Ry. Co. v. Stewart, 153

Ala. 133, 45 South. 51; A. G. S. v. Sanders, 203 Ala. 57, 82 South. 17; Lloyd v. Central of Ga., 200 Ala. 694, 77 South. 237. As for plea 5 as an answer to count A, it amounted to nothing more than the general issue already well pleaded.

[2] By plea 10 defendant advanced the proposition that its negligence subsequent to discovery of plaintiff's peril was answered by an allegation, to state the plea in short, that plaintiff wantonly exposed himself to danger. Without adverting to other peculiarities of this plea, it will suffice to say that it does not charge wantonness on the part of plaintiff, nor yet subsequent negligence, for while it does allege plaintiff's knowledge of the general danger of going upon a railroad track without looking or listening, or stopping if necessary to adequate information, it fails to allege plaintiff's knowledge of a present impending peril. Authorities, supra.

The plea of the statute of limitations (plea 13) was a good plea. N. C. & St. L. Ry. v. Hill, 146 Ala. 240, 40 South. 612. The record is not clear that the trial court intended to sustain the demurrer to this plea; but, however that may be, it appears that the cause was tried on that issue, among others, for there was evidence, and the court properly instructed the jury on that issue. Hence our conclusion that the judgment need not be reversed for the error in sustaining the demurrer to the plea.

Under the pleadings there was no issue as to willful, intentional, or wanton wrong on the part of defendant, and the court properly refused all charges on that subject as abstract.

[3] The charge made the subject of the Sixty-sixth assignment of error was refused without reversible error because it left the jury to ascertain the issues in the case by an inspection of the pleadings (B. R., L. & P. Co. v. Fox, 174 Ala. 657, 56 South. 1013), and because the defenses relied upon were properly submitted to the jury in its oral charge.

[4] We find no sufficient reason for reversing this judgment in the remarks of counsel for plaintiff to the jury. Such matters as the counsel referred to are best left with the court, and such remarks best omitted; but we are not able in this case to affirm that the judgment should be reversed on this account.

This case was one proper for jury decision in the first place, nor was there error in overruling defendant's motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.