(132 So. 29)

## LOUISVILLE & N. R. CO. v. SCOTT.

### 5 Div. 14.

Supreme Court of Alabama.

Dec. 11, 1930.

Rehearing Denied Jan. 29, 1931.

See, also, 217 Ala. 255, 115 So. 171.

Lawrence F. Gerald, of Clanton, A. A. Griffith, of Cullman, and Eyster & Eyster, of Decatur, for appellant.

W. A. Denson, of Birmingham, for appellee.

FOSTER, J.

The subsequent negligence counts 4, 5, 6, D, E and F are in all material respects similar to the counts held good in Birmingham R., L. & P. Co. v. Saxon, 179 Ala. 136, 59 So. 584, and Louisville & N. R. R. Co. v. Abernathy, 192 Ala. 629, 69 So. 57.

The averment that the automobile in which deceased was riding was struck by a train and dragged several hundred yards does not, we think, render it uncertain as to whether his death was caused by the striking or the dragging. It was a recital of the events of one occurrence, the combined effect of which caused the death of deceased. Neither could the servants of defendants become aware of the peril of deceased, unless he was in peril. The fact that the car he was using was struck by the train and dragged down the track and he was thereby killed is a sufficient showing that peril at some time became imminent. We do not think these counts are insufficient in the failure to allege that deceased did become subject to peril.

Count J, a wanton count, is also, we think, free from the objection urged. It seems to us that there is no inconsistency between the allegation that the train ran against the automobile in which plaintiff's intestate was riding and killed him, and the allegation that the automobile was dragged a great distance, etc., as the proximate cause of his death. The latter averment is included in the general

terms of the former, and is an allegation of detail, unnecessary though not improper. The collision caused the killing as averred, though there was a dragging, etc., which as a proximate consequence of the collision directly led to the result.

 It is also urged that all the wanton counts are defective because they do not sufficiently allege that the wanton conduct was with knowledge that the result would probably kill deceased, but only with knowledge that he would probably be injured. The wanton counts allege that defendant's servants had knowledge that deceased would probably be injured, etc. They allege a wanton injury from which death was the proximate result. We think this is a sufficient allegation of a wanton death. If death was not proven to be the proximate result of the injury, but of some other independent intervening cause, then the allegations are not sustained by the proof. Louisville & N. R. R. Co. v. Jones, 83 Ala. 376, 3 So. 902; Armstrong v. M. St. Ry. Co., 123 Ala. 233, 250, 26 So. 349.

The case went to the jury on counts alleging subsequent negligence and wantonness. To them defendant undertook to plead contributory negligence, and the court sustained demurrer to all such pleas. Defendant insists that there was error in this ruling to the extent of holding that pleas 10, 11, 15, and 17 were not good pleas to the counts in subsequent negligence. Pleas of subsequent contributory negligence, as a defense to counts alleging subsequent negligence, must, as pointed out in several of our cases, not only show that plaintiff was conscious of his peril at that particular time, but must also show that plaintiff's alleged negligent conduct was subsequent to or concurrent with the subsequent negligence of defendant. Lloyd v. Cent. of Ga. R. R. Co., 200 Ala. 694, 77 So. 237; Alabama G. S. R. R. Co. v. McWhorter, 156 Ala. 269, 277, 47 So. 84; Bryant v. A. G. S. R. R. Co., 155 Ala. 368, 46 So. 484; Alabama G. S. R. R. Co. v. Smith, 178 Ala. 613, 59 So. 464; Appel v. Selma St. & Sub. Ry. Co., 177 Ala. 457, 59 So. 164; Louisville & N. R. R. Co. v. Turney, 183 Ala. 398, 62 So. 885.

We still adhere to the statement of the principle as thus expressed. But it is not necessary in pleading subsequent contributory negligence to state in express terms that the contributory negligence was subsequent to or concurrent with the subsequent negligence of defendant, if that condition is otherwise sufficiently shown by the averments of the plea. A plea of this nature was considered in the case of Birmingham R., L. & P. Co. v. Ætna A. & L. Co., 184 Ala. 601, 64 So. 44. Such allegations were said to show that "the plaintiff was guilty of an act of negligence which continued up to the time of the injury." If plaintiff was negligent up to the time of

the injury, it sufficiently shows that such negligence was subsequent to or concurrent with the subsequent negligence of defendant as alleged in the complaint.

We observe that in the case of Lloyd v. Cent. of Ga. Ry. Co., supra, the plea under consideration contained averments of similar import. But we are of the opinion that there was a failure to note the effect of the plea in this respect as discussed in the case of Birmingham, R. L. & P. Co. v. Ætna A. & L. Co., supra. We cannot therefore follow the case of Lloyd v. Cent. of Ga. Ry. Co., supra, to its conclusion, and conclude that to that extent it should be and is overruled.

In other respects the pleas 10, 11, 15, and 17 as amended seem to contain averments sufficient to show subsequent contributory negligence, and there was error in sustaining demurrer to them as a defense to the subsequent negligence counts.

We do not think it necessary to treat the other questions raised on this appeal, as they are not likely to occur on another trial.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.

All the Justices concur, except BROWN, J., not sitting.