## ALABAMA PRODUCE CO. et al. v. SMITH.

### 8 Div. 510.

Supreme Court of Alabama.

Oct. 5, 1933.

O. Kyle, Julian Harris, and A. J. Harris, all of Decatur, for appellants.

Eyster & Eyster and Wright & McAfee, all of Decatur, for appellee.

FOSTER, Justice.

After this suit was reversed on former appeal, 224 Ala. 688, 141 So. 674, counsel for plaintiff filed a petition for intervention, alleging that plaintiff, without their knowledge or consent, undertook to and did settle the cause, at a time when defendant knew that interveners possessed a statutory lien on the suit for their fee, and sought to prosecute the suit in their own behalf under section 6262, Code.

On the same day defendants filed pleas A and B—an accord and satisfaction had with the original plaintiff. They were prefaced "as a further defense to this suit, except as to accrued costs, as a plea since the last continuance." A demurrer to them was filed in the name of "plaintiff," but in which interveners did not join. Among the grounds assigned, the point was made that the attorneys had no knowledge and gave no consent to it. This was similar to the status as shown in Western Ry. v. Foshee, 183 Ala. 182, 62 So. 500.

The judgment recites that thereafter the petition for intervention was filed, and that issue was joined between the parties on pleas 1 and 2 as amended and on pleas A and B, that then the petition for intervention was amended by striking all the interveners save one, and that those stricken were allowed to withdraw joinder of issue on those pleas 1 and 2 as amended and A and B.

The court charged the jury in effect that the facts alleged in pleas A and B cut off Smith, the original plaintiff, but did not affect the rights of the interveners.

Defendant requested the affirmative charge, for the reason, among others, duly brought to the attention of the court, that issue was joined on pleas A and B, and that they were proven without conflict. The court at the time stated that his understanding was that they were not filed to the intervention, and that he would allow the pleadings to be recast. But such action in form does not appear in the record.

In our recent case of Simmons v. Holliday, 226 Ala. 630, 148 So. 327, we held that, if a

plea is insufficient for one purpose, but sufficient for another, and no demurrer is interposed, we will not reverse the trial court for treating it for the purpose for which it is sufficient.

The demurrer addressed to pleas A and B was by the plaintiff, but none by interveners appear in the demurrer. The pleas were appropriate to the complaint, but not to the petition for intervention, since they only admitted a material allegation of it, and the court so treated them in charging the jury. The recital in the judgment that issue was joined between the parties upon pleas 1 and 2 as amended and on pleas A and B should be construed to refer to such issues between the parties as were appropriate, when the recitals of the pleas and the status of the rulings are considered, and such interpretation is not inconsistent with other features of the proceedings. The record shows a joinder in the issue by the parties and plaintiff had not been eliminated. He could deny the fact of settlement, or could have specially replied to those pleas. Lowery v. Ill. Cent. R. Co., 195 Ala. 144, 69 So. 954.

The procedure described in Alabama Fuel & Iron Co. v. Denson, 208 Ala. 337, 94 So. 311, seems to have been pursued in this case. To take it literally, as there stated, it cannot be overlooked that the complaint and petition for intervention present different issues, and pleas to one may not be pertinent to the other. Section 9485, Code; Ex parte Gray, 157 Ala. 358, 47 So. 286, 131 Am. St. Rep. 62; Cortner v. Galvon, 223 Ala. 405, 137 So. 30; Awbrey v. Estes, 216 Ala. 66, 112 So. 529; Greene v. Greene, 220 Ala. 395, 125 So. 640.

Pursuant to our policy of construing pleas liberally, we think that A and B should be by us treated as was done by the circuit court, and that they were responsible only to the right of the original plaintiff, and did not present an issue to the intervention, and that proof of them should not deny a right of interveners to maintain their claim.

Counsel have argued that this court has not in its several cases properly construed the statute in respect to the amount of intervener's recovery when his client has made a settlement, but that the attorney should be limited in amount to the terms of the settlement as made by the client. The argument is that, after all, the claim in suit is the property of plaintiff, and that the right of the attorney should not exceed the power of the client to fix the amount of his claim; and that as now interpreted the statute prohibits the parties to a suit from agreeing upon a judgment.

But that argument does not take into account bad faith of the plaintiff as respects his attorney. When he makes an accord and satisfaction in derogation of the lien of the attorney, without paying him, and without his consent, the parties all know that it is at least a legal fraud upon him, and it should be and is of no effect as to him. What the result would be if the parties in good faith consented to a judgment, on which the lien was enforceable, though less than the attorney wished, or made a settlement in which the lien of the attorney is protected, has not been directly passed on by this court, though referred to in Lowery v. Ill. Central R. Co., supra.

But, when the effect is the intentional or wanton or fraudulent destruction of the attorney's lien, the court will not allow it to stand in the way of his rights, nor fix the amount of his fee. Lowery v. Ill. Central R. Co., 195 Ala. 144, 69 So. 954; Western Ry. v. Foshee, supra.

To the extent that our cases have defined the rights of an attorney under such circumstances, we are not disposed to recede, and feel bound by the re-enactment of the statute with that construction. Denson v. Ala. Fuel & Iron Co., 198 Ala. 383, 73 So. 525; Id., 208 Ala. 337, 94 So. 311; Fuller v. Lanett Bleaching Co., 186 Ala. 117, 65 So. 61.

The suit was tried on counts 1 and 2. The first was primary negligence, and the second was subsequent negligence. Plea 2 was contributory negligence, and was held good to count 1 and bad to count 2. It was then amended as to count 2, so as to allege subsequent contributory negligence, and demurrer to it as thus amended was overruled. No question on such ruling is here presented. Of course, subsequent contributory negligence is available to such a count. Louisville & N. R. Co. v. Scott, 222 Ala. 323, 132 So. 29; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13.

The court charged the jury that the defense of contributory negligence only applied to count 1, and had no application to count 2. Exception was reserved. Though this was not a correct statement of the status of the pleading, and though subsequent contributory negligence was an issue thus formed, there was no reversible error in so stating to the jury, because we do not think there was a tendency of the evidence, which showed that subsequent to, or concurrent with, defendant's subsequent negligence, plaintiff was conscious of his peril, at the time he is alleged to have stepped into the zone of his danger, or was otherwise contributorily negligent while conscious of such peril. It was not therefore reversible error to exclude that issue from the jury.

The refused charges argued by counsel for appellant are all either covered by the oral charge or are misleading. The court gave a very exhaustive and accurate statement of the applicable principles of law in connection with the evidence.

The petition for intervention stated by way of a recital of the proceedings that as

attorneys for plaintiff "they prosecuted said cause to a judgment which was later reversed and remanded by the Supreme Court of Alabama," and that the settlement was thereafter made. In the opening statement to the jury, counsel observed, "We tried the case before and received a substantial verdict." On objection, the court held that the remark was not improper to show what services the attorneys had rendered. It seems to us that the only question in this connection is the statement that a substantial verdict was rendered. We have heretofore referred to the principle that counsel may make an opening statement to the jury and outline what they expect to prove, provided what is said is material and competent. Atlantic Life Ins. Co. v. Canady, 225 Ala. 377, 143 So. 561; Brown v. Leek, 221 Ala. 319, 128 So. 608; Prudential Ins. Co. v. Calvin, ante, p. 146, 148 So. 837.

The objection was not confined to the feature of the statement that a "substantial" verdict was rendered. It was said in a clause, all of which was included in the objection, but at least some of it was not incompetent, that they tried the case before and received a verdict. We reserve the expression of an opinion of the effect, if the objection had been confined to the word "substantial." But, as framed, there was, we think, no reversible error in this respect nor any other in the record. The judgment is therefore affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.