102 So.2d 2

**Hugh A. LOCKE**

v.

**Maria BARRANCO, as Trustee and Executrix, et al.**

**6 Div. 212.**

Supreme Court of Alabama.

April 10, 1958.

Hugh A. Locke, Birmingham, for appellant.

Walker Norris, Birmingham, for Evans Barranco.

Matt Scalici, Birmingham, for Maria Barranco.

SIMPSON, Justice.

A will of one G. S. Barranco was duly admitted to probate in the Probate Court of Jefferson County, Alabama. The estate was later transferred to the Equity Court in said county.

Honorable Hugh A. Locke, attorney at law, was employed by Evans Barranco, one of the heirs of deceased, to represent him in a contest of the document purporting to be the last will and testament of G. S. Barranco. The terms of the employment do not appear.

The appeal now before the court is by Judge Locke from a decree of the court sustaining the demurrer directed to a petition of Judge Locke filed in the estate proceedings for an allowance of a lien for attorney's fees that he allegedly became entitled to in the will contest case. The petition states that pursuant to his said employment as said attorney he did file such contest in the Equity Court of Jefferson County. Certain work and expenses of said attorney are set out in the petition and then it is averred that in said will contest case interrogatories were propounded to his client who declined to answer them. The petition avers that the client instructed the attorney to dismiss the will contest whereupon the attorney informed him that he was claiming a lien for his fee against the share of the client in the estate and that he would file such a claim. The petition avers that such a claim was filed in the will contest case and never acted upon; that the contest was dismissed upon the failure of contestant to proceed with the contest. The petition then avers that during the course of the administration there has come into the hands or will come into the hands of the executrix of the estate certain monies and assets which will ultimately become the property of Evans Barranco under the said will. The petition prays that the court "will fix the reasonable value of the fee due this petitioner by Evans Barranco and will order the payment of same by Maria Barranco as executrix or trustee to the petitioner out of any funds she may hold belonging to Evans Barranco, and will fix and establish said lien against the interest of Evans Barranco in said property * * *."

Maria Barranco, individually and as executrix of the estate of G. S. Barranco, and the Barranco heirs are made respondents to the petition.

Petitioner bases his claim to a lien upon the provisions of Subsection 2 of Section 64, Title 46, Alabama Code of 1940. This subsection provides as follows:

"Upon suits, judgments, and decrees for money, they [attorneys] shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said suit, judgment or decree, until

the lien or claim of the attorney for his fees is fully satisfied; and attorneys at law shall have the same right and power over said suits, judgments and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them."

 We are of the opinion that the petition did not contain equity, and the demurrer thereto was properly sustained. Pretermitting any consideration of whether or not the funds or assets of Evans Barranco in the hands, or which might come into the hands, of the executrix of said estate through due administration could be subjected to the attorney's lien provided for by the code section, supra, it is quite clear that the lien cannot attach in the instant case for the reason as stated in Wade v. Kay, 210 Ala. 122, 97 So. 129:

"Though the lien is given on suits as well as judgments and decrees it is clear that there can be no enforcement of such a lien until the suit has been prosecuted to judgment."

Even though the statute gives a lien upon a suit for money the enforcement of the lien presupposes the following through of said suit to a final judgment or decree. See Peach v. Drennen, 253 Ala. 271, 44 So.2d 257; Gulf States Steel Co. v. Justice, 204 Ala. 577, 87 So. 211; Denson v. Alabama Fuel and Iron Co., 198 Ala. 383, 73 So. 525; Lowery v. Illinois Central R. Co., 195 Ala. 144, 69 So. 954; Fuller v. Lanette Bleaching Co., 186 Ala. 117, 65 So. 61.

 An attorney in a pending action, in order to preserve his lien, can insist on the suit remaining in fieri until it has proceeded to a final judgment or decree (Fuller v. Lanette Bleaching Co., supra) but in the case in hand this was not done. In the instant case there is no "suit" upon which a lien can attach. Rather than prosecuting the contest to conclusion in order to perfect the attorney's lien, if any there might have been, as was done in the cases, supra, the suit was dismissed. There is,

therefore, no "suit" upon which a lien could attach.

Petitioner must pursue some other remedy to secure his rights in the premises.

Affirmed.

LIVINGSTON, C. J., and GOODWIN and COLEMAN, JJ., concur.