ROBERTSON, Presiding Judge.
In March 1989, attorney James H. Wetter-mark, acting on behalf of Charhe L. McCau- *970 ley and Steve Roberson, filed actions in the Jefferson County Circuit Court, seeking benefits pursuant to the Federal Employers’ Liability Act (FELA) for injuries McCauley and Roberson alleged they had suffered arising out of and in the course of their employment with CSX Transportation, Inc.
On April 4, 1989, CSX filed motions to dismiss both cases pursuant to § 6-6-430, Ala.Code 1975, which provides for the application of the doctrine of forum non conve-niens, contending that the actions should be brought in Georgia.
In September 1989, Wettermark filed in each case a motion to withdraw as the attorney of record and a motion for an attorney’s lien. The trial court granted Wettermark’s motions to withdraw. On October 6, 1989, attorney Michael D. Blalock filed notices of appearance on behalf of both McCauley and Roberson. On October 10, 1989, Blalock, acting on behalf of McCauley and Roberson, filed objections to Wettermark’s motions for an attorney’s lien. On December 11, 1989, the trial court, based on an agreement between the parties, granted Wettermark an attorney’s lien in the amount of $4,000 in the McCauley case and an attorney’s hen in the amount of $7,500 in the Roberson case.
On March 8, 1990, a different trial judge considered and granted CSX’s motions to dismiss, dismissing both actions without prejudice and taxing court costs to McCauley and Roberson.
On June 4, 1990, and August 2, 1990, Blal-ock, acting on behalf of McCauley and Roberson, filed complaints against CSX in the United States District Court for the Northern District of Georgia based on the same injuries as alleged in the Jefferson County actions. In April 1991, McCauley settled his Georgia action, accepting $121,446.78 from CSX and releasing CSX from all liability. In January 1993, Roberson also settled his Georgia action, accepting $89,895.45 from CSX and releasing CSX from all liability.
On August 31, 1993, Wettermark filed motions for relief in each of the Jefferson County eases, pursuant to Rule 60(b)(4) and (6), Ala.R.Civ.P. Wettermark contended that the March 8, 1990, orders of dismissal were void to the extent that they extinguished his attorney’s liens. He requested that the trial court enter orders requiring CSX to satisfy the hens and permitting attachment and seizure of any proceeds or fruits of proceeds paid by CSX to McCauley, Roberson, and Blalock.
On October 28, 1993, the trial court entered judgments, pursuant to Rule 60(b)(6), Ala.R.Civ.P., holding that the March 8, 1990, orders of dismissal did not extinguish Wettermark’s attorney’s hens on the proceeds paid by CSX. to McCauley, Roberson, and Blalock. Accordingly, the trial court awarded judgments in favor of Wettermark and against CSX, McCauley, and Blalock in the amount of $4,000, plus interest, in the McCauley case; and in favor of Wettermark and against CSX, Roberson, and Blalock in the amount of $7,500, plus interest, in the Roberson case.
Following post-judgment motions, McCauley and Blalock filed a notice of appeal in McCauley’s case, Roberson and Blalock filed a notice of appeal in Roberson’s case, and CSX filed a notice of appeal in both cases. We find the dispositive issue to be whether Wettermark’s attorney’s hens in the Jefferson County eases were extinguished when those actions were dismissed without prejudice and refiled in federal court in Georgia.
Section 34^3 — 61(b), Ala.Code 1975, provides, in pertinent part, that “[u]pon actions and judgments for money, [an attorney] shall have a hen superior to ah hens but tax hens, and no person shah be at liberty to satisfy said action or judgment, until the hen or claim of the attorney for his fees is fully satisfied.”
Our supreme court, however, has held: “An attorney’s hen exists and is enforceable only against moneys or personal property acquired by services rendered in the particular action or proceeding by which the money or property is produced....” Johnson v. Riddle & Ellis, 204 Ala. 408, 409, 85 So. 701, 703 (1920). Also, when an attorney has a hen on an action, it cannot be enforced unless the action is prosecuted to judgment. Locke v. Barranco, 267 Ala. 370, *971 102 So.2d 2 (1958). Furthermore, where the action was dismissed, there is nothing upon which a lien could attach. Id.
Wettermark was put on notice by CSX’s motions that the Jefferson County actions were subject to dismissal, pursuant to § 6-5-430, and being refiled in Georgia. Following the dismissals, the actions were refiled in federal court in Georgia, but Wettermark failed to present and preserve his liens in the Georgia court.
We conclude that the dismissals of the Jefferson County actions without prejudice and the refiling of the actions in federal court in Georgia, in effect, extinguished the attorney’s hens that the Jefferson County Circuit Court had granted Wettermark. There were no Alabama judgments to which Wetter-mark’s attorney’s hens could attach, Locke, supra; and there were no actions in Alabama which could have been satisfied. § 34-3-61(b), Ala.Code 1975.
Based on the foregoing, the judgments of the trial court are hereby reversed, and these cases are remanded for the trial court to enter a judgment in each case denying Wettermark’s Rule 60(b) motions. As in Locke, Wettermark must pursue some other remedy to recover his attorney fees.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.