THOMAS, Judge.
Morris House Condominium Association, Inc. ("the Association"), appeals from an order of the Jefferson Circuit Court ("the trial court") finding it in contempt of an earlier order and granting an attorney's lien to Alex Hirschfield. We dismiss the appeal.
Background
In March 2016, the Association filed a complaint in the trial court against Mark Hannon, JoAnne Hannon, 2325 Morris Avenue, LLC, and Hannon Group, Inc. (hereinafter collectively referred to as "the Hannon defendants"), alleging, among other things, that they owed unpaid dues associated with a condominium located within the Association's governance; the Association also sought injunctive relief. The Association was represented by Hirschfield. The litigation between the Association and the Hannon defendants proceeded with responsive pleadings, discovery, and a dispositive motion filed by Mark, JoAnne, and Hannon Group, Inc. 2325 Morris Avenue, LLC, also asserted a counterclaim against the Association. In September 2017, the trial court entered a summary judgment in favor of Mark and JoAnne regarding all of the Association's claims against them.
On January 3, 2018, Hirschfield filed a motion asking for the trial court's permission to withdraw as counsel for the Association, citing breakdowns in communication and the attorney-client relationship. Hirschfield also filed a "notice of attorney's lien and motion for attorney fees," citing as support § 34-3-61, Ala. Code 1975. On January 11, 2018, the trial court entered an order indicating that it had conducted an evidentiary hearing at which all parties were present; granting Hirschfield's motion to withdraw; ordering that, in accordance with an October 2017 agreement between Hirschfield and the Association, the Association was required to pay Hirschfield $3,000 "for compensation that was due on or before December 1, 2017, and January 1, 2018"; and withholding adjudication regarding Hirschfield's request for an attorney's lien until the Association *537 could obtain counsel to assist it with Hirschfield's assertions. The trial court ordered the Association to pay Hirschfield $3,000 within seven days.
On January 29, 2018, Hirschfield filed a motion asking the trial court to hold the Association in contempt for failing to pay him $3,000. On February 7, 2018, the trial court entered an order scheduling a hearing regarding Hirschfield's motion. On February 22, 2018, the trial court entered an order that provided, in relevant part:
"The above entitled matter came on before the Court on February 20, 2018, on ... Hirschfield's motion for contempt, for sanctions, and to make attorney's lien final. After due consideration, the Court finds the motion well taken and the same is hereby GRANTED.
"It is ORDERED and ADJUDGED:
"1. [The Association] is in contempt for failing to comply with this Court's order of January 11, 2018, requiring the payment of reasonable attorney's fees in the amount of $3,000.00 to ... Hirschfield.
"2. ... Hirschfield's Motion for Attorney Lien is hereby GRANTED."
The next day, the trial court amended its order to specify that the amount of the attorney's lien awarded to Hirschfield was $7,400.
The Association retained new attorneys, who filed notices of appearance. On March 9, 2018, the Association filed a motion asking the trial court to set aside its finding of contempt against the Association and its award of an attorney's lien to Hirschfield. In its motion, the Association asserted that it had not received adequate notice of Hirschfield's motion seeking attorney fees, his motion seeking a finding of contempt against the Association, or the trial court's hearing regarding Hirschfield's contempt motion.
The Association further asserted that it had already paid Hirschfield $3,000, as ordered by the trial court. The Association's motion was accompanied by an affidavit of its president and an affidavit of the president of RMS Management, which was the entity providing third-party management services for the Association. The Association also provided a copy of a check made to the order of Hirschfield in the amount of $3,000 and dated February 28, 2018. The Association also argued that "the grant of an attorney's lien is premature at this stage in the proceedings" and that "an attorney lien is only enforceable following entry of [a] final judgment." The trial court scheduled a hearing regarding the Association's motion. Before the scheduled hearing date, the Association filed a notice of appeal to this court on April 5, 2018. The trial court entered an order staying further proceedings until the appeal is resolved.
After the Association submitted its appellate brief, Hirschfield filed a motion asking this court for permission to file an appellate brief, which we granted.[1] After Hirschfield submitted his appellate brief, the Association filed a reply brief and a motion to strike Hirschfield's brief, arguing that Hirschfield was not a party to the underlying action. On appeal, the Association's substantive argument focuses primarily on the evidence it presented indicating that it lacked sufficient notice of the relevant proceedings, that it did not wilfully violate the trial court's January 11, 2018, order, and that it eventually paid Hirschfield the $3,000 ordered by the trial court.
*538 Analysis
We first consider the Association's assertion that Hirschfield was not a party to the underlying action and its motion arguing that Hirschfield's appellate brief should therefore be struck. Curiously, the Association does not argue that Hirschfield's purported absence from the trial court's proceedings precluded the trial court from awarding the relief obtained by Hirschfield. The Association instead addresses only Hirschfield's ability to submit an appellate brief in this court. The Association provides no legal authority for guidance on this issue and relies only on Hirschfield's status that is reflected on the State Judicial Information System case-action summary contained in the record, which lists him as "other" as opposed to "defendant."
We will therefore begin by examining legislative direction and caselaw applying it. Section 34-3-61, Ala. Code 1975, provides, in relevant part:
"(a) Attorneys-at-law shall have a lien on all papers and money of their clients in their possession for services rendered to them, in reference thereto, and may retain such papers until the claims are satisfied, and may apply such money to the satisfaction of the claims.
"(b) Upon actions and judgments for money, they shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy the action or judgment, until the lien or claim of the attorney for his or her fees is fully satisfied; and attorneys-at-law shall have the same right and power over action or judgment to enforce their liens as their clients had or may have for the amount due thereon to them.
"(c) Upon all actions for the recovery of real or personal property, and upon all judgments for the recovery of the same, attorneys-at-law shall have a lien on the property recovered, for their fees, superior to all liens but liens for taxes, which may be enforced by the attorneys-at-law, or their lawful representatives, as liens on personal and real estate, and the property recovered shall remain subject to the liens, unless transferred to bona fide purchasers without notice."
"The purpose of § 34-3-61 is 'to protect the attorney from loss of his investment in time, effort, and learning, and the loss of funds used in serving the interest of the client.' Triplett v. Elliott, 590 So.2d 908, 910 (Ala. 1991)." Harlow v. Sloss Indus. Corp., 813 So.2d 879, 887 (Ala. Civ. App. 2001). Our supreme court has held that, under § 34-3-61 and its predecessors, attorneys may intervene in an action to protect their fees in certain circumstances. See generally id. at 886-90 (expressly stating that the propriety of the attorney's intervention in that case was not at issue on appeal but summarizing caselaw touching on that issue in analyzing the relevant appellate issues).[2]
Rule 24, Ala. R. Civ. P., governs intervention in civil actions, and Rule 24(c) specifically provides, in relevant part: "A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Hirschfield did not file a traditional motion to intervene in the underlying *539 action. He did, however, file a "notice of attorney's lien and motion for attorney fees," in which he set out the grounds for the affirmative relief he sought against the Association and certified that he had served his motion on all the parties. Hirschfield's motion thus disclosed his desire to participate in the action between the Association and the remaining Hannon defendants in an effort to protect his fees.
Although the Association has consistently argued that it lacked sufficient notice of the relief sought by Hirschfield to be properly held in contempt, there is no indication that it has ever argued that Hirschfield should not have been permitted to intervene in the underlying action, which is a threshold issue that is separate and distinct from the question whether the Association acted contumaciously. Specifically, in its motion to set aside the trial court's finding of contempt and in its appellate brief, the Association has relied on the notice requirements of Rule 70A(c)(2), Ala. R. Civ. P., regarding contempt and has not argued that service of Hirschfield's "notice of attorney's lien and motion for attorney fees" was improper under Rule 5, Ala. R. Civ. P., which, as noted in the quote from Rule 24(c) above, provides the proper procedure for seeking intervention in a civil action.
More importantly, regarding the trial court's January 11, 2018, hearing addressing Hirschfield's motion to withdraw and his motion seeking attorney fees, the Association states in its appellate brief that its president "was able to attend the hearing and informed the trial court that the Association owed ... Hirschfield $3,000.00 in attorney's fees and that the Association would pay that amount." A party's failure to complain of improper service in the trial court at the proper time constitutes a waiver of such defect. See D.D. v. Calhoun Cty. Dep't of Human Res., 81 So.3d 377, 380 (Ala. Civ. App. 2011) ("A general appearance by a party either in person or through an attorney waives any objection to improper service of process."). Thus, we view the Association's failure to object to Hirschfield's participation in the proceedings below and the undisputed agreement of its president that it owed Hirschfield $3,000 as the Association's acquiescence to Hirschfield's intervention in the underlying action. For those reasons, we hereby deny the Association's motion to strike Hirschfield's appellate brief.
Now that we have ascertained Hirschfield's status as a party in the underlying action, we next consider whether the trial court's February 2018 order finding the Association in contempt and granting Hirschfield an attorney's lien in the amount of $7,400 constituted a final judgment.
"Although neither party has questioned the finality of the trial court's judgment in this case, jurisdictional matters, such as the question whether an appeal is supported by a final judgment, are of such importance that this court takes notice of them ex mero motu. See Wilson v. Glasheen, 801 So.2d 848 (Ala. Civ. App. 2001) ; Nunn v. Baker, 518 So.2d 711 (Ala. 1987). A final judgment is one that completely adjudicates all matters in controversy between all the parties. See McCollough v. Bell, 611 So.2d 383 (Ala. Civ. App. 1992)."
Eubanks v. McCollum, 828 So.2d 935, 937 (Ala. Civ. App. 2002).
The trial court's February 2018 order did not resolve all matters in controversy between all the parties. When the Association filed its notice of appeal to this court, its claims against 2325 Morris Avenue, LLC, and Hannon Group, Inc., and 2325 Morris Avenue's counterclaim against the Association remained pending in the trial *540 court. Thus, the trial court's February 2018 order was not a final judgment.
It is necessary to note, however, that the trial court's order contains two distinct elements: a finding of contempt against the Association and an award of an attorney's lien to Hirschfield. Our caselaw has indicated that contempt findings are immediately appealable under certain circumstances, notwithstanding the existence of additional issues to be resolved by the trial court. In McCarron v. McCarron, 171 So.3d 22, 27 (Ala. Civ. App. 2015), this court adopted the holding of the Ohio Supreme Court in The Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd., 141 Ohio St. 3d 107, 22 N.E.3d 1035 (2014). In The Docks Venture, L.L.C., the Ohio Supreme Court held, in relevant part, that
"a court order finding a party in contempt and imposing a sentence conditioned on the failure to purge is a final, appealable order on the issue whether the party is in contempt of court. We further recognize that a contemnor may have an additional appeal on the question whether the purge conditions have been met following execution of sentence on the failure to purge."
141 Ohio St. 3d at 112, 22 N.E.3d at 1040. That holding was based on the court's recognition that "it is inherently unfair to force a party found in contempt to either comply with a potentially illegal or improper contempt order or submit to a sanction in an effort to obtain appellate review of the order the party seeks to challenge." The Docks Venture, L.L.C., 141 Ohio St. 3d at 111, 22 N.E.3d at 1039.
In this case, the trial court's contempt finding did not impose any sanctions or purge requirements on the Association. It simply determined that the Association was in contempt of its January 11, 2018, order for failing to pay Hirschfield $3,000.[3] Thus the concerns expressed in McCarron and The Docks Venture, L.L.C., regarding the unfairness forced on contemnors by requiring them to choose between compliance and sanction are absent here. In fact, the trial court's February 2018 order does not expressly direct the Association to do anything. In light of that distinction, we see no basis to view the trial court's contempt finding in this case as being immediately appealable.
We now consider whether the trial court's award of an attorney's lien to Hirschfield was immediately appealable, notwithstanding the fact that the Association's claims against 2325 Morris Avenue, LLC, and Hannon Group, Inc., and 2325 Morris Avenue's counterclaim against the Association remained pending at the time of the award. In its appellate brief, the Association contends, as it did in the trial court, that the trial court's award is erroneous because it was "premature," citing as support *541 CSX Transportation, Inc. v. Wettermark, 644 So.2d 969 (Ala. Civ. App. 1994). In relevant part, CSX Transportation, Inc., held: "[W]hen an attorney has a lien in an action, it cannot be enforced unless the action is prosecuted to judgment." Id. at 970. In other words, the existence of evidence that would otherwise establish an attorney's entitlement to a lien against a judgment is inconsequential if no judgment is ultimately entered to which the lien may attach. See Locke v. Barranco, 267 Ala. 370, 372, 102 So.2d 2, 4 (1958) ("Even though the [the precursor to § 34-3-61 ] gives a lien upon a suit for money the enforcement of the lien presupposes the following through of said suit to a final judgment or decree.").
However, the principle articulated in CSX Transportation, Inc., does not suggest that an appellate court should, by way of appeal, overturn a trial court's determination of the amount of a potential attorney's lien that is reached before entry of the trial court's judgment in the action forming the basis of the lien. Indeed, it counsels against doing so, because the predicate judgment may never be entered, thereby precluding attachment of the lien. See Locke, 267 Ala. at 372, 102 So.2d at 4 ("In the instant case there is no 'suit' upon which a lien can attach. Rather than prosecuting the contest to conclusion in order to perfect the attorney's lien, if any there might have been, ... the suit was dismissed. There is, therefore, no 'suit' upon which a lien could attach."); and CSX Transp., Inc., 644 So.2d at 971 ("Furthermore, where the action was dismissed, there is nothing upon which a lien could attach.").[4]
In light of the foregoing, we express no opinion regarding the propriety of the trial court's contempt determination or its determination that Hirschfield is entitled to an attorney's lien in the amount of $7,400 at this time. The Association's claims against 2325 Morris Avenue, LLC, and Hannon Group, Inc., and 2325 Morris Avenue's counterclaim against the Association are still pending in the trial court. The trial court's February 2018 order is, therefore, not a final judgment, and we have been presented with no basis to review the determinations included therein in this appeal. The Association can raise those issues in an appeal taken from a final judgment entered by the trial court, if the Association so chooses. For that reason, we also decline to construe the Association's notice of appeal as a petition for the writ of mandamus challenging the propriety of the determinations set out in the trial court's February 2018 order. See Ex parte Smith, 196 So.3d 284, 285 (Ala. Civ. App. 2015) ("Although a petition for a writ of mandamus is a proper vehicle for appellate review of an interlocutory [order], the writ will not issue if an appeal after the entry of a final judgment would provide an adequate remedy for the petitioner."). Accordingly, the Association's appeal is due to be dismissed.
APPEAL DISMISSED.
Thompson, P.J., and Pittman and Moore, JJ., concur.
Donaldson, J., concurs in the result, without writing.

2325 Morris Avenue, LLC, and Hannon Group, Inc., filed a response to the Association's appellate brief in which they stated: "(1) the record below speaks for itself; and (2) [we] have no objection to the relief sought by the [Association]."

The Association's failure to cite relevant legal authority on the question of Hirschfield's intervention extends to the issue whether the circumstances presented here fall within the category of cases summarized in Harlow. See Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala. Civ. App. 1996).

We note that this court has viewed orders of this nature in slightly different ways in the past, depending on the circumstances presented. In T.L.D. v. C.G., 849 So.2d 200, 206 (Ala. Civ. App. 2002), we indicated that a contempt determination that fails to include a sanction or purge requirement is "incomplete" and "ineffective." But see T.L.D., 849 So.2d at 208 (Murdock, J., concurring in the result in part and dissenting in part)("[I]f a trial court has the discretion to determine whether to even hold a party in contempt, it is only logical that it has the discretion to take the lesser action of holding a party in contempt but abating the imposition of a penalty for that contempt."); and Ward v. Cranford, 169 So.3d 1054, 1056-57 (Ala. Civ. App. 2014) ("[T]he trial court has the inherent power to enforce its judgment by any legal means, up to and including the adjudication of a recalcitrant party as a contemnor."). In Cheek v. Dyess, 1 So.3d 1025, 1031 (Ala. Civ. App. 2007), we decided that, to the extent a contempt determination is erroneous, such error is harmless when no sanctions are imposed. For reasons explained infra, we do not decide how the trial court's February 2018 order should be viewed in this case.

We do not wish to be misunderstood as holding that a judgment of dismissal entered upon a settlement between an attorney's former client and the other parties to an action cannot form the basis for an attorney's lien under the appropriate circumstances, nor do we wish to be misunderstood as holding that an attorney is unconditionally entitled to conclusively prosecute his or her former client's interests in an underlying action to protect his or her fee, even if a settlement is reached between the former client and its adversaries. See generally Harlow, 813 So.2d at 879.